**ORIGINAL**

# In the United States Court of Federal Claims

No. 11-678 C[1]

(Filed: March 27, 2012)

**FILED**

MAR 2 7 2012

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| ROBERT E. HICKS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) Pro Se Complaint; Prisoner; <br> ) Dismissal Pursuant to RCFC <br> ) 12(b)(1); Failure to Prosecute <br> ) under RCFC 41(b); Frivolousness <br> ) under 28 U.S.C. § <br> ) 1915(e)(2)(B)(i). <br> ) <br> ) <br> ) <br> ) <br> ) |

Robert E. Hicks, Indian Springs, NV, pro se.

John S. Groat, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

HEWITT, Chief Judge

---

[1] The Complaint was captioned by plaintiff as follows: "Robert E. Hicks vs. S.D.C.C. State of Nevada et. al." Civil Rights Compl. Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded, Docket Number 1, at 1. Notwithstanding plaintiff's failure to name the United States as the party defendant in the case, the court, as a matter of practice, will indicate the United States as the party defendant in the caption of its orders and opinions. The official caption of the case (appearing above) was supplied by the office of the Clerk of Court in conformance with Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[t]he title of the complaint must name all the parties . . . , with the United States designated as the party defendant." RCFC 10(a).

Before the court are plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded (Complaint or Compl.), Docket Number (Dkt. No.) 1, filed October 13, 2011, and Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), Dkt. No. 5, filed December 9, 2011.

I.  Background

Pro se plaintiff Robert E. Hicks (plaintiff) appears to be a prisoner at the Southern Desert Correctional Center (SDCC) in Indian Springs, Nevada. See Compl. 1; Def.'s Mot. 1.

Plaintiff filed both his Application to Proceed In Forma Pauperis of Robert E. Hicks (IFP Application), Dkt. No. 2, and his Complaint, Compl., on October 13, 2011. In his Complaint, plaintiff appears to contest the prison conditions at the SDCC. See generally Compl. Plaintiff alleges three counts of civil rights violations by six officials who appear to be employed at or affiliated with the SDCC: two that occurred on September 9, 2011 and September 25, 2011, and ongoing violations that began on September 13, 2011. Id. at 1-3. Plaintiff alleges, inter alia, that he was:

> Deprived of property without due process of law, without being charge of some crime, having a hearing without a Assistance of Counsel for defence, was lock down for 16 days without property, was forced to wear same coths for 16 days, no shower thing to take a shower for 16 days . . . , was Deprived of Bible and other religion books And Religion ITEMS, for 16 days; Deprived of writting items for 16 days . . . Deprived of Legal work and Legal papers need for up coming case in court, for 16 days.

Id. at 3 (punctuation and spelling as in original). Plaintiff asserts that jurisdiction is proper under 28 U.S.C. § 1343(a)(3), 42 U.S.C. § 1983 and a number of constitutional provisions, id., and requests the return or replacement of all property as well as damages of $5,000 from each of the six defendants, id. at 9.

In its Motion to dismiss, filed on December 9, 2011, defendant contended that the court lacks jurisdiction and should therefore dismiss the Complaint because plaintiff does not seek relief from the United States but rather seeks relief from "the state of Nevada and individuals acting for the State[] of Nevada." Def.'s Mot. 2. Defendant also argues that the court should dismiss plaintiff's Complaint as a "frivolous filing and a 'strike' within the meaning of 28 U.S.C. § 1915(g)." Id. at 2-3.

The court issued an order on January 6, 2012 granting plaintiff's IFP Application and stating, "If the court does not receive a response to defendant's Motion by Monday, February 6, 2012, the court will grant judgment to the United States by default." January 6, 2012 Order, Dkt. No. 6, at 2.

To date, plaintiff has not filed a response to defendant's Motion.

II.   Analysis

The jurisdiction of the United States Court of Federal Claims (Court of Federal Claims) is limited to suits against the United States. See 28 U.S.C. § 1491(a)(1) (2006) (providing the Court of Federal Claims jurisdiction over "any claim against the United States," subject to certain exceptions). Because plaintiff has not filed a response to defendant's Motion and because plaintiff's claim is against the State of Nevada and Nevada state officials, see generally Compl., over which this court has no jurisdiction, defendant's Motion to dismiss is GRANTED-IN-PART, see United States v. Sherwood, 312 U.S. 584, 588 (1941) (stating, as to the United States Court of Claims--in relevant respects the predecessor to the Court of Federal Claims--"if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"); Rules of the Court of Federal Claims (RCFC) 41(b) (providing that "[i]f the plaintiff fails to prosecute . . . , the court may dismiss on its own motion").

The court has reviewed plaintiff's Complaint and does not find it to be frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous complaint is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While plaintiff's legal theories may ultimately prove unsuccessful, they do not appear to be clearly without an "arguable basis in law" so as to require dismissal for frivolousness. See id. at 328. Neither do plaintiff's factual allegations "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Therefore, defendant's request to construe plaintiff's Complaint as frivolous and as a "strike" under 28 U.S.C. § 1915(g) is DENIED.

III.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims and GRANTS-IN-PART defendant's Motion to dismiss pursuant to RCFC 12(b)(1). The court DENIES defendant's request to dismiss plaintiff's Complaint as frivolous and to impose a "strike" under 28 U.S.C. § 1915(g). The Clerk of Court is directed to ENTER JUDGMENT in favor of defendant. No costs.

IT IS SO ORDERED.

_____
EMILY C. HEWITT
Chief Judge